FRED A. YOUNG *vs.* R. I. AUTO SALES CO., INC. *et als.*

APRIL 6, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Murdock, JJ.

RATHBUN, J. This bill in equity is before us on appeal of respondent, R. I. Auto Sales Co., Inc., from a final decree granting relief to the complainant.

Said respondent sold to the complainant on a conditional sale agreement a Viking automobile and received in payment a Velie automobile, a certain sum in cash and the balance in notes. In making said sale said respondent was acting either as agent for, or with the permission of, one Descoli who had previously purchased the Viking automobile on a conditional sale agreement from respondent Max Botvin. Descoli having failed to pay the balance due Botvin, the title was in the latter at the time respondent Auto Sales Co., Inc., assumed to make the sale to the complainant. Within a few days after the Viking automobile was delivered by said respondent to the complainant it was taken from him by Botvin who had the title thereto. The notes given by complainant in part payment were delivered for discount to respondent Arter who, attempting to clear the title to the automobile, offered to pay Botvin the amount due him on Descoli's notes. The offer, which was made after Botvin had taken the automobile from the complainant, was refused.

The complainant is seeking alternative relief; he prays that Botvin be required to accept from Arter the amount due the former from Descoli and return the automobile to the complainant; and, failing in this, complainant prays that R. I. Auto Sales Co., Inc., be required to repay to him, with interest, the amount of cash paid by him to said company and return the Velie automobile, or pay him the value thereof, and that Arter be required to surrender for cancellation the notes delivered by complainant to said company.

Respondent R. I. Auto Sales Co., Inc., filed an answer in the nature of a cross-bill praying that Botvin be required to accept the amount due him on the Viking automobile and return it to the complainant or to said respondent.

The trial court entered a decree dismissing the bill as to Botvin and granting relief to the complainant substantially in accordance with the second prayer for alternative relief as above set forth. Respondent R. I. Auto Sales Co., Inc., appealed from said decree.

The question in the case is whether Botvin was in duty bound to deliver title of the repossessed automobile either to the complainant or to said sales company upon tender by Arter of the amount due Botvin on Descoli's notes which were long overdue.

The question must be answered in the negative. The trial justice found that there was no evidence to sustain the assertion in the cross-bill that Botvin had agreed to surrender the Viking automobile or to show that anything more was done by R. I. Auto Sales Co., Inc., or Arter than to inquire from Botvin's bookkeeper, after the sale to Young, as to the amount due. This finding was justified. It therefore appears that said company has no claim against Botvin for breach of contract.

The document expressing the agreement between Botvin and Descoli was a conditional sale agreement, and not a mortgage, and was therefore not required to be recorded in order to be valid as to third persons. *Arnold* v. *Chandler*

*Motors,* 45 R. I. 469. Said agreement contained provisions as follows:

> "1. Title to said property shall not pass to the purchaser until said amount is fully paid in cash. . . . 5. The purchaser . . . shall not transfer any interest in this contract or said property. . . . 6. Time is the essence of this contract, and if the purchaser default in complying with the terms hereof, the seller may take immediate possession of said property. (possession after default being unlawful), including any equipment or accessories thereto; and for this purpose the seller may enter upon the premises where said property may be and remove it. The seller may resell said property, so retaken, at public or private sale, without demand for performance, with or without notice to the purchaser. . . . From the proceeds of any such sale, the seller shall deduct all expenses for retaking, repairing and selling such property, including a reasonable attorney's fee. The balance thereof shall be applied to the amount due; any surplus shall be paid over to the purchaser; in case of deficiency the purchaser shall pay the same with interest and the purchaser does hereby confess judgment in the amount of said deficiency."

When Botvin took possession he was acting entirely within his rights as set forth in the agreement. By the terms thereof Descoli had no right to transfer his interest in the automobile, and he had no right to authorize another to effect a sale.

Inasmuch as the agreement between Botvin and Descoli did not provide that all payments made under the agreement should be considered as rent until the full purchase price be paid, the appellee, said company, contends that a tender of the amount due on said notes vested title to the automobile in Descoli, in other words, that Descoli had a right to redeem, even after possession was taken, at any time before Botvin sold the automobile. Without consider-

ing in detail the general proposition of law suggested—but not raised by the facts in the case—it is sufficient to say that by the terms of the agreement Botvin, after rightfully retaking possession, was entitled to receive, in addition to the amount due on the notes, "all expenses for retaking." The appellee suggests that courts of equity do not favor forfeitures. However, even equity courts do not, without a showing of fraud, express or implied, ordinarily grant relief against contracts which are otherwise valid and contain no penalty clause. As this court said in *Hamblin* v. *Sprague,* 50 R. I. at 103: "We are not to construe equities into the contract, but to carry it out as the parties were content to make it." Botvin protected his interests as he had a right to do, and, had he not been enjoined from selling, presumably would have sold the automobile and accounted to Descoli in accordance with the agreement.

As to respondent Arter, who had not appealed, it may be said that he knew before he accepted the notes that title to the automobile was in Botvin and that said company had no authority to sell to the complainant. Furthermore, it does not appear that he has advanced any money on said notes.

The appeal is denied and dismissed. The decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Judah C. Semonoff,* for complainant.

*Knauer & Fowler,* for R. I. Auto Sales Co., Inc.

*Raymond & Semple, Harold R. Semple,* for respondent Max Botvin.